**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BRIAN KEITH ABNER,　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　Plaintiff,　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　v.　　　　　　　　　　　　　　）　　Civil Action No. 13 0218
　　　　　　　　　　　　　　　　　　）
FEDERAL BUREAU OF INVESTIGATION,　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　Defendant.　　　　　　　）

**MEMORANDUM OPINION**

This matter comes before the court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

According to the plaintiff, his woes began "years ago due to [his] radioactive feet where people can read [his] brain pattern on the telephones, radios and tv's." Compl. at 1 (page numbers designated by the Court). The plaintiff also has been assaulted and threatened by staff at a state mental hospital and by staff and inmates at correctional institutions. *See id.* at 1-2. The plaintiff apparently left California after having been threatened by police officers in San Jose and San Francisco. *See id.* at 2-4. The plaintiff believes that he "should have been placed on a federal witness protection program island . . . where scientist[s] and engineers" would allow him to leave only if "they found a way to deactivate [his] feet or . . . by death by natural causes." *Id.* 5-6. He demands damages of $5 million for "emotional suffering . . . because [he] was denied [entry into] the federal witness protection program." *Id.* at 6.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v.*

1



*Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed the plaintiff's complaint, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. The complaint is frivolous and it must be dismissed. *See* 28 U.S.C. § 1915(e)(1)(B).

An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: 2/5/2013

2